UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD MALLAY, | ) | 3:25-cv-00590 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| USA and ROBERT GREENE, | ) | |
| *Defendants*. | ) | May 21, 2025 |

**RULING DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff Ronald Mallay is an inmate incarcerated at Danbury Federal Correctional Institution ("Danbury FCI"). He filed this action under the Federal Tort Claims Act ("FTCA") on April 14, 2025. Compl., ECF No. 1. He has twice moved for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915—that is, he would like to commence this suit without prepaying the $405 filing fee. *See* Mots. to Proceed IFP, ECF Nos. 2 & 12.

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rahimi v. Sec'y of Navy*, No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019). In exercising this discretion, the court must determine whether the burden of paying the fees for filing and service would either hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*). The *in forma pauperis* statute contemplates that, in making this determination, courts will examine "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

In his renewed application, Plaintiff represents that he is not employed, received $3,000 during the last twelve months for food, and retained a total of $155.00 in his checking and

savings accounts, including his inmate trust account. ECF No. 12 at 1–2. In answering questions 9 and 10 on his application to proceed IFP, Plaintiff indicated that he does not have to support any dependents and spends $250 a month on his asserted necessity for food that is not otherwise provided by his facility.[1] *Id.* at 2. Plaintiff's prisoner trust account statement, which was filed with Plaintiff's original IFP application, reflects that he received a total of $1,775 in deposits between November 16, 2024, and April 5, 2025. Trust Account Statement, ECF No. 3.

In a Notice of Insufficiency, the Court advised Plaintiff that he had not demonstrated an entitlement to proceed IFP because his "trust account statement appears to confirm that Mr. Mallay is receiving regular and substantial support from a family member or friend, but he has not provided any information about the resources of the family member or friend who is supporting him." Order, ECF No. 9. The Court directed Plaintiff "to accurately state the amount of money he has received and identify the source of these deposits, along with a statement of that person's (or persons') financial resources" and to do so by May 6, 2025, or "his case may be dismissed." *Id.* That date has passed, but Plaintiff failed to provide this information to the Court despite timely filing a renewed IFP application.

"All litigants must make decisions about how to spend their money when they are contemplating litigation. If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of time and effort." *Brown v. Ruiz*, No. 3:20-cv-1202 (KAD), 2020 WL 6395480, at *1 (D. Conn. Nov. 2, 2020) (citation and internal quotation marks omitted); *see also Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (summary order) ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely

---

[1] Although the IFP application form that Plaintiff uses refers to the "Department of Correction," the Court notes that Plaintiff is an inmate at Danbury FCI, which is run by the Federal Bureau of Prisons.

understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'").

"When considering a prisoner's affidavit of indigence, the district court may inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes." *Hinton v. Pearson*, No. 3:21-cv-863 (MPS), 2021 WL 3036921, at *2 (D. Conn. July 19, 2021) (citation and internal quotation marks omitted). Courts have denied leave to proceed *in forma pauperis* where inmates had sufficient funds but chose to use the funds for other purposes before filing their complaints. *See, e.g.*, *Martin v. United States*, 317 F. App'x 869, 870–71 (11th Cir. 2008) (*per curiam*) (affirming denial of *in forma pauperis* application where district court found that prisoner had received $1,818.00 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation"); *Clark v. Pappoosha*, No. 3:21CV1690 (CSH), 2022 WL 960296, at *2 (D. Conn. Mar. 30, 2022) (denying motion for leave to proceed *in forma pauperis* where plaintiff "received a total of $1,645.00 in deposits during a six-month period prior to filing [the] action" and "made numerous personal withdrawals"); *Brown*, 2020 WL 6395480, at *1–2 (noting, in vacating grant of motion to proceed *in forma pauperis*, that plaintiff had received deposits in excess of $3,000.00 in the seven months before filing action but spent or sent funds out of facility to qualify for *in forma pauperis* status before filing complaint).

The Court has examined Plaintiff's complaint, and has concluded he was aware, at least by February 12, 2025, of the basis for the claim he asserts in this suit. Specifically, in his complaint, Plaintiff alleges that a medical treatment delay resulted in deterioration of his eye conditions. *See* ECF No. 1 ¶ 11. He claims that an examination of his eyes on February 12, 2025, revealed that his eye conditions had worsened and that he could suffer long-term disability

3

or blindness. *Id.* Although Plaintiff's account statement shows he had a balance of only $273.53 nine days prior to filing this action on April 14, 2025, he had received monthly deposits totaling $1,075 since January 1, 2025:  $425 through three deposits in January 2025, $100 through one deposit in February 2025, $300 through two deposits in March 2025, and $250 through one deposit on April 5, 2025.  ECF No. 3.

The present record indicates that Plaintiff made numerous withdrawals and expenditures of the funds deposited into his account, despite being aware—by at least February 12, 2025—of his claim that his eyes were adversely affected by the medical treatment delay.  *See* ECF No. 1 ¶ 11.  Through these expenditures and withdrawals from his account, Plaintiff spent down his account by more $520, leaving a balance of only $273.53 by April 5, 2025.  *Id.*  On the present record, which includes Plaintiff's failure to comply with the Court's order to provide information about the sources of the monthly deposits into his account and the record of his transactions since January 2025, the Court concludes that Plaintiff has access to sufficient funds to pay the Court's filing fee without forgoing life's necessities.

## CONCLUSION

Accordingly, Plaintiff's motions for leave to proceed *in forma* pauperis, ECF Nos. 2 & 12, are **DENIED**.

All further proceedings in this matter shall be held in abeyance until **June 11, 2025**, pending Plaintiff's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604.  Failure to tender the filing fee by **June 11, 2025**, will result in the dismissal of this action.

**SO ORDERED** at Hartford, Connecticut, this 21st day of May, 2025.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE